```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES,

                    Plaintiff,

     -against-

ALDO BLAS,

                    Defendant.
-------------------------------------------------x
```

MEMORANDUM AND ORDER

Case No. 1:14-cv-00367-FB-1

*Appearances*:
*For the Plaintiff*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
By: DANA REHNQUIST, ESQ.
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
SALLY J.M. BUTLER, ESQ.
42-40 Bell Blvd, Suite 302
Bayside, NY 11361

**BLOCK, Senior District Judge:**

On December 3, 2020, Aldo Blas filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. 3582(c)(l)(A). For the following reasons, Blas's motion is denied.

I.

Blas was arrested after law enforcement detected him trading child pornography on the internet. After obtaining and searching his electronic devices, agents discovered ten homemade videos of Blas engaged in sexual activity with his

1

girlfriend's sixteen-year-old daughter, who was not aware that these encounters were being recorded.

Blas pleaded guilty to sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to the mandatory minimum of 15 years' imprisonment, followed by five years of supervised release.

Blas filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. 3582(c)(l)(A) and the Second Circuit's decision in *United States v. Brooker*, which allows District Courts to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d Cir. 2020).

An evidentiary hearing was held on June 14, 2021. The Court heard testimony from Blas's family members and neighbor.

## II.

Defense counsel principally contends that release is warranted because (1) Blas has been a "model prisoner" while serving "more than seven years of imprisonment," (2) he "consents to his removal from the United States," (3) his "family is living in dire poverty" and, if released, Blas would be able to provide financial support, and (4) the fifteen-year mandatory minimum sentence is "extraordinarily harsh." ECF No. 53, 67.

The government principally argues that (1) "the Guidelines and the BOP Program Statement primarily limit compassionate release to cases of serious illness or impairment, advanced age or a need to care for a family member," (2) some courts have held "the length of a sentence cannot by itself make out 'extraordinary and compelling' circumstances," (3) the Court should "consider whether the § 3553(a) factors, on balance, weigh against compassionate release," (4) "the defendant's family's economic circumstances do not provide a basis for release," (5) "while the defendant claims to be a model prisoner, there is nothing extraordinary about his efforts at rehabilitation to date," and (6) the victim of Mr. Blas's offense, who previously asked that he not be sentenced to the mandatory minimum, now believes that he should serve the remainder of his sentence. ECF No. 68 at 2-5.

The Court has carefully considered the parties' arguments and the controlling legal framework. It is also mindful that "[h]arsh, disproportionate mandatory sentences impose grave costs not only on the punished but on the moral credibility upon which our system of criminal justice depends." *United States v. Bannister*, 786 F. Supp. 2d 617, 689 (E.D.N.Y. 2011) (Weinstein, J.). Nevertheless, the Court is unpersuaded that Blas has presented "extraordinary and compelling reasons" justifying his release. *Brooker*, 976 F.3d at 237.

3

First, the defendant's arguments, whether individually or in combination, do not justify release. Although Blas has completed classes and recreational programs, they were primarily focused on art and exercise. His lack of violations while incarcerated is commendable. However, merely following the rules while incarcerated does not constitute an extraordinary and compelling circumstance. Although Blas's family faces financial challenges in Peru and his mother struggles with serious health issues, these circumstances do not justify release. As the government points out, there are three able bodied family members who can take care of Blas's mother, and she receives in-home medical care from a visiting nurse. *See*, *e.g.*, *United States v. Lindsey*, No. 13 Cr. 271 (LTS), 2021 U.S. Dist. LEXIS 1086, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally require a showing … that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established.") (citation omitted).

Second, the victim in this case now believes that Mr. Blas should serve the remainder of his sentence. At the time of Mr. Blas's sentencing, the victim wrote to the Court that their relationship was consensual, that Blas "doesn't deserve to be locked up for so many years," and that she "forgave him" and knows that "this mistake will never happen again." ECF No. 34-1 at 1. Since that time, the victim's feelings have changed. She has now reached adulthood and believes she was "in

4

denial for quite some time." ECF No. 60 at 1. With time and reflection, she has come to "strongly believe [Blas] should not be released." *Id*. Although the victim's perspective is not dispositive, it is unquestionably a relevant factor for the Court's consideration. *See* 18 U.S.C.A. § 3771 (providing for the right of crime victims "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding").

Third, the Court notes the defendant is likely to have substantial contact with children if released consistent with defense counsel's plan. The defendant's family members testified using videoconferencing technology from their home in Peru. This is where the defendant intends to reside if released. At multiple points during the testimony, children of various ages wandered into view of the camera. At the hearing it was established that Blas would be living in the same home as a three-year-old girl and across the street from an eight-year-old girl. The Court is troubled that there appears to be no plan in place to ensure the defendant is not in close, unsupervised contact with these and other children.

Where a criminal defendant seeks "decreased punishment, he or she has the burden of showing the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). Here, the defendant simply has failed to meet his burden of establishing "extraordinary and compelling" circumstances. *Brooker*, 976 F.3d at 237.

5

## CONCLUSION

For the foregoing reasons, the defendant's motion for a reduced sentence is DENIED in all respects.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 23, 2021